1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   P. CRAIG CARDON, Cal. Bar No. 168646
3  DAVID R. GARCIA, Cal. Bar No. 151349
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
4  ELIZABETH S. BERMAN, Cal. Bar No. 252377
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4109
   Telephone:   415-434-9100
6  Facsimile:   415-434-3947
   ccardon@sheppardmullin.com
7  dgarcia@sheppardmullin.com
   bblackman@sheppardmullin.com
8  eberman@sheppardmullin.com

9  Attorneys for Defendant
   EUROMARKET DESIGNS, INC.
10 d/b/a CRATE & BARREL

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14 CARLOS CAMPBELL, an individual,        Case No.
15 on behalf of himself and all others
   similarly situated,                    CLASS ACTION
16
                   Plaintiff,             DEFENDANT'S:
17
        v.                                (1)  NOTICE OF REMOVAL OF
18                                        ACTION; AND
   EUROMARKET DESIGNS, INC., a
19 Delaware corporation; and DOES 1       (2)  DECLARATION OF
   through 50, inclusive,,                JOHN SEEBECK IN SUPPORT
20                                        THEREOF.
                   Defendants.
21                                        Complaint Filed:   February 18, 2011

22                                        Complaint Served:  TBD

23

24

25

26

27

28

1    TO THE ABOVE-CAPTIONED COURT AND TO THE PLAINTIFF

2    AND HIS COUNSEL OF RECORD:

3

4    PLEASE TAKE NOTICE that Defendant EUROMARKET DESIGNS,

5    INC. d/b/a CRATE & BARREL (**"Crate & Barrel"**) hereby provides notice of the

6    removal pursuant to 28 U.S.C. §§ 1441 and 1446, based upon diversity jurisdiction

7    under 28 U.S.C. § 1332(d), to the United States District Court for the Northern

8    District of California of the following lawsuit filed on February 18, 2011 in the San

9    Francisco Superior Court:  *Carlos Campbell v. Euromarket Designs, Inc.*,

10    Case No. CGC-11-508421.  The following is a short, plain statement of the grounds

11    for removal.  *See* 28 U.S.C. § 1446(a).

12

13                                    **I.**

14                    **DESCRIPTION OF THE ACTION**

15    On February 18, 2011, Plaintiff Carlos Campbell (**"Plaintiff"**), on behalf of

16    himself and "all persons from whom Defendant requested and recorded personal

17    identification information in conjunction with a credit card transaction in

18    California," filed a complaint against defendant Crate & Barrel in the San Francisco

19    Superior Court, alleging a single cause of action for violation of the Song-Beverly

20    Credit Card Act, California Civil Code § 1747.08 (the **"State Court Action"**).

21    More specifically, Plaintiff alleges that Crate & Barrel requests its customers paying

22    with credit cards to provide personal identification information in the form of their

23    zip codes in violation of Song-Beverly.  The nature of the action is more fully stated

24    in the Complaint, as copy of which is attached hereto as part of **Exhibit A.**

25

26    The Complaint seeks statutory penalties pursuant to Song-Beverly, which

27    provides for a penalty of up to $250 for the first violation and $1,000 for each

28    subsequent violation (Cal. Civ. Code § 1747.08(e)), distribution of any moneys

1 recovered on behalf of the Class where necessary to prevent Defendant from

2 retaining the benefits of its allegedly wrongful conduct, and recovery of the

3 plaintiffs' attorneys' fees and costs incurred in this action pursuant to California

4 Code of Civil Procedure § 1021.5.

5

6 **II.**

7 **TIMELINESS OF REMOVAL**

8      As of the date of this filing, the Summons and Complaint were not served on

9 Crate & Barrel. Thus, this Notice of Removal is timely as Plaintiff has not effected

10 service yet and, therefore, it is filed within 30 days of service of the Complaint to

11 Defendants. 28 U.S.C. § 1446(b); Federal Rule of Civil Procedure 6(a).

12

13 **III.**

14 **BASIS FOR REMOVAL**

15 **(DIVERSITY JURISDICTION)**

16      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

17 § 1332(d) (the 2005 Class Action Fairness Act ("CAFA")). Removal for diversity

18 jurisdiction under CAFA requires two things: diversity of citizenship and more than

19 $5 million in controversy.

20

21 **A.**    **There Is Diversity Of Citizenship Because Plaintiff Is A California**

22        **Citizen and Crate & Barrel Is An Illinois Citizen.**

23      This action is between citizens of different States. Plaintiff alleges that he is a

24 resident of Los Angeles, California. Complaint ¶ 8. As of the time of filing this

25 Notice of Removal, Crate & Barrel is informed and believes that Plaintiff remains a

26 citizen of the State of California. As of the time this action was filed, Crate &

27 Barrel was and still is an Illinois corporation, and its principal place of business was

28

1  and still is in the State of Illinois.[1]  Declaration of John Seebeck ("Seebeck Decl.")

2  ¶ 3.  As a result, pursuant to 28 U.S.C. § 1332(d)(2)(A), the first requirement for

3  diversity jurisdiction is satisfied because Plaintiff and Crate & Barrel are citizens of

4  different States.  *See* 28 U.S.C. § § 1332(c)(1)[2] and 1332(d)(2)(A).[3]

5

6  **B.     The Amount In Controversy Exceeds $5,000,000.**

7         On removal, the assessment of whether the amount-in-controversy

8  requirement is satisfied "is not confined to the face of the complaint." *Valdez v.*

9  *Allstate Insurance Company*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The appropriate

10  measure of the jurisdictional amount in controversy is "the litigation value of the

11  case assuming that the allegations of the complaint are true and assuming a jury

12  returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v.*

13  *American Bankers Insurance Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala.

14  1997), citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

15  It is not determined by "the low end of an open-ended claim," but by "a reasonable

16  reading the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.3d 142,

17  146 (3d Cir. 1993); *see also Hart v. Washington State Apple Advertising*

18  *Commission*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1997).

19

20

21  [1]  The Complaint erroneously alleges on information and belief that Crate & Barrel is a Delaware corporation, with its principal place of business in

22  California.  Complaint ¶ 10.  The Court may look beyond such allegations to Mr. Seebeck's declaration.  *Caciolo v. American Aluminum & Insulation Co.*,

23  Case No. 04-962, 2004 U.S. Dist. LEXIS 9956 (E.D. Pa. May 13, 2004).

24  [2]  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

25  business..."

26  [3]  "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is *a class action in which (A) any member of a*

27  *class of plaintiffs is a citizen of a State different from any defendant* ..." (emphasis added).

28

1    The amount in controversy requirement is met because the aggregate amount

2  in controversy for the alleged class exceeds the $5 million threshold for diversity

3  jurisdiction under CAFA:

4

5    • Plaintiff alleges that the amount in controversy for him and all

6        members of the Class exceeds $25,000.[4]  Complaint ¶ 7 ("The amount

7        in controversy exceeds the jurisdictional minimum of this Court.").

8

9    • The statewide class is defined as "all persons from whom Defendant

10       requested and recorded personal identification information in

11       conjunction with a credit card."  Complaint ¶ 23.

12

13   • There is a one-year statute of limitations period for a violation of Song-

14       Beverly.  Cal. Civ. Proc. Code § 340(a).

15

16   • Plaintiff seeks penalties of up to $1,000 per transaction.  Complaint

17       ¶ 28, 3; Prayer ¶ 2.

18

19   • There are over five thousand persons who made a purchase with a

20       credit card at a California CRATE & BARREL since February 18,

21       2010.  Seebeck Decl. ¶ 6.

22

23

24

---

25  [4]  Because Plaintiff has not "pled damages less than the jurisdictional amount"
26  of $5,000,000 applicable to claims governed by CAFA, Crate & Barrel asserts
    that the Ninth Circuit's decision in *Lowdermilk v. United States Bank Nat'l
    Assoc.*, 2007 U.S. App. LEXIS 5168, No. 06-36085 (9th Cir. March 2, 2007),
27  does not apply.  Nonetheless, in abundance of caution, Crate & Barrel adheres
    to the "legal certainty" standard announced in *Lowdermilk*.
28

1  Thus, the total amount in controversy during the one year period at issue in the
2  Complaint exceeds the $5 million threshold for federal jurisdiction under CAFA.

3

4                                    IV.

5        **THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

6        Based on the foregoing, this action is a civil action over which this Court has
7  original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be
8  removed to this Court pursuant to 28 U.S.C. § § 1441 and 1446.

9

10       In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the
11  Complaint filed in the State Court Action as of the filing of this Notice of Removal
12  are attached hereto as **Exhibit A.**  Neither the Complaint nor any other papers were
13  served on Crate & Barrel in connection with this matter.

14

15                                    V.

16            **CONCLUSION & REQUESTED RELIEF**

17       For all the reasons set forth above, Crate & Barrel respectfully requests that
18  this Court proceed with this matter as if it has been originally filed herein.

19

20  Dated:  March 22, 2011

21                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

22

23                    By  _____

24                          P. CRAIG CARDON
25                          BRIAN R. BLACKMAN
                            ELIZABETH S. BERMAN
26
27                        Attorneys for Defendant
                        EUROMARKET DESIGNS, INC.
28                       d/b/a CRATE & BARREL

W02-WEST:1ESB1\403374576.2                  -6-

DECLARATION OF JOHN SEEBECK

# DECLARATION OF JOHN SEEBECK

I, JOHN SEEBECK, hereby declare the following:

1.    I am the Vice President of eCommerce at Euromarket Designs, Inc. d/b/a Crate & Barrel ("Crate & Barrel"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.    I submit this declaration in support of Crate & Barrel's Notice of Removal.

3.    As of March 22, 2011, Crate & Barrel was, and remains, an Illinois corporation with its principal place of business in Illinois.

4.    I have a working knowledge of Crate & Barrel's computerized transaction records. These records are maintained by Crate & Barrel in the ordinary course of its business and are relied on by Crate & Barrel to conduct its operations throughout the United States, including the State of California.

5.    I have examined Crate & Barrel's transaction records in order to obtain certain information related to the number of credit card transactions that occurred at Crate & Barrel retail stores located in the State of California since February 18, 2010.

6.     There have been over five thousand credit card purchase transactions at CRATE & BARREL stores in California since February 18, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 22 2011 at Northbrook , Illinois.

W02-WEST:1ESB1\403374576.1

-8-

EXHIBIT A



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

## Document Scanning Lead Sheet

Feb-22-2011 9:57 am

Case Number: CGC-11-508421

Filing Date: Feb-18-2011 9:37

Juke Box: 001    Image: 03130100

COMPLAINT

3ELL, AN INDIVIDUAL, ON BEHALF OF VS. EUROMARKET DESIGNS, INC., A DELAWARE

001C03130100

**Instructions:**
Please place this sheet on top of the document to be scanned.

EXHIBIT A
9

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
James R. Patterson (SBN: 211102) Matthew J. O'Connor (SBN: 203334)
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
TELEPHONE NO.: 619-756-6990     FAX NO.: 619-756-6991
ATTORNEY FOR (Name): Plaintiff and the Class

**FILED**
Superior Court of California
County of San Francisco

FEB 1 8 2011

CLERK OF THE COURT
BY: _Param Natt_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: CARLOS CAMPBELL v. EUROMARKET DESIGNS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited  ☐ Limited | ☐ Counter  ☐ Joinder | C G C - 1 1 - 5 0 8 4 2 1 |
| Amount demanded exceeds $25,000 | Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) |
| | | JUDGE: |
| | | DEPT: |

FILE VIA FAX

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☒ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action (specify): 1

5. This case ☒ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 18, 2011

Matthew J. O'Connor
(TYPE OR PRINT NAME)

_Matthew J. O'Connor_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**EXHIBIT A**
10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice-Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court Rules 1800-1812)
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**EXHIBIT A**
**11**

FEB. 18. 2011   3:08PM   A & A LEGAL SERVICE 6506974640                    NO. 1423   P. 3

1  James R. Patterson, State Bar No. 211102
   Matthew J. O'Connor, State Bar No. 203334
2  HARRISON PATTERSON & O'CONNOR LLP
   402 West Broadway, 29ᵀᴴ Floor
3  San Diego, CA 92101
   Tel: (619) 756-6990
4  Fax: (619) 756-6991
5
   Attorneys for Plaintiff and the Class
6
7
8                    SUPERIOR COURT OF CALIFORNIA
9                      COUNTY OF SAN FRANCISCO
10  CARLOS CAMPBELL, an individual, on        )  CASE NO.:
    behalf of himself and all others similarly )  C G C - 1 1 - 5 0 8 4 2 7
11  situated,                                 )  CLASS ACTION
                                              )
12                         Plaintiff,         )  COMPLAINT FOR VIOLATIONS OF
                                              )  CALIFORNIA CIVIL CODE § 1747.08
13           vs.                              )
                                              )
14  EUROMARKET DESIGNS, INC., a Delaware      )
    corporation; and DOES 1 through 50, inclusive, )
15                                            )
                           Defendants.        )
16                                            )
17
18
19       Plaintiff Carlos Campbell, on behalf of himself and all others similarly situated,
20  complains and alleges upon information and belief based, among other things, upon the
21  investigation made by Plaintiff by and through his attorneys, as follows:
22  I.   INTRODUCTION
23       1.   California Civil Code section 1747.08 generally states that when a merchant is
24  engaged in a retail transaction with a customer, the merchant may neither (1) request personal
25  identification information from a customer paying for goods with a credit card, and then record
26  that personal identification information upon the credit card transaction form or otherwise; nor
27  (2) require as a condition to accepting the credit card as payment the cardholder to provide the
28  customer's personal identification information which the retailer causes to be written, or

FILED
Superior Court of California
County of San Francisco

FEB 1 8 2011

CLERK OF THE COURT
BY: _Karim Nott_
                    Deputy Clerk

FILE VIA FAX

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29ᵗʰ Floor
San Diego, CA 92101

- 1 -
CLASS ACTION COMPLAINT

EXHIBIT A
12

1   otherwise records upon the credit card transaction form or otherwise.[1]

2       2.     Defendant operates retail stores under the name Crate & Barrel throughout the

3   United States, including California.  Defendant is engaging in a pattern of unlawful and

4   deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's

5   cashiers both request and record personal identification information, in the form of zip codes,

6   and credit card numbers from customers using credit cards at the point-of-sale in Defendant's

7   retail establishments.  Defendant's acts and practices as herein alleged were at all times

8   intentional.

9       3.     On information and belief, Defendant uses the zip codes and additional

10   information obtained from its customers' credit cards, including names and credit card numbers

11   (or portions thereof) to obtain its customers' residential addresses.  Defendant obtains these

12   addresses with the help of third-party vendors such as Acxiom that maintain proprietary software

13   and databases containing hundreds of millions of individual consumers' contact information.

14   For example, Acxiom advertises its "Shopper Registration" software on its website claiming:

15   "All you have to do is capture the shopper's name from a check or a third-party credit card at the

16   point of sale and ask for the shopper's zip code . . . and Address Append takes the name,

17   combined with the collected zip code, and matches them to Acxiom's [database].  Acxiom

18   provides a match rate report that tells you how many addresses were matched and appended."[2]

19       4.     Defendant does not disclose its intentions to its customers, and instead relies on

20   the common misbelief of consumers that Defendant is using the zip code information to verify

21   cardholders' identities similar to "pay-at-the-pump" gas station transactions where a zip code is

22   required because there is no live clerk to verify identification.  Defendant, however, is not using

---

23   [1] California Civil Code section 1747.08 states in relevant part:

24   "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

25   (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or

26   corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

27   (b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

28   [2] See www.acxiom.com/119441/fact_sheet_IB_TS_Shopper_Recognition_200707.pdf.  Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

-2-

CLASS ACTION COMPLAINT

1 | zip codes to verify cardholders' identities during credit card transactions and the credit card
2 | companies do not require zip codes to complete in-person "card present" credit card transactions.
3 |      5.     Plaintiff does not seek any relief greater than or different from the relief sought
4 | for the Class of which Plaintiff is a member. If successful, this action will enforce an important
5 | right affecting the public interest and will confer a significant benefit, whether pecuniary or non-
6 | pecuniary, on a large class of persons. Private enforcement is necessary and places a
7 | disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

8 | **II.    JURISDICTION AND VENUE**
9 |      6.     Plaintiff is informed and believes that Defendant's principal place of business is in
10 | California. Defendant has accepted credit cards for the transaction of business throughout
11 | California, including the County of San Francisco, which has caused both obligations and
12 | liability of Defendant to arise in the County of San Francisco.
13 |      7.     The amount in controversy exceeds the jurisdictional minimum of this Court.

14 | **III.    THE PARTIES**
15 |     **A.    Plaintiff**
16 |      8.     Plaintiff Carlos Campbell (herein referred to as "Plaintiff") is a resident of
17 | California, and entered into a retail transaction with Defendant at one of Defendant's California
18 | stores located in this district.
19 |      9.     Plaintiff brings this class action against Defendant, pursuant to California Code of
20 | Civil Procedure section 382, on behalf of himself and all persons from whom Defendant
21 | requested and recorded personal identification information in conjunction with a credit card
22 | transaction in California (herein referred to as the "Class"). Excluded from the Class are
23 | Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in
24 | which Defendant has a controlling interest, and the legal representatives, successors or assigns of
25 | any such excluded persons or entities.

26 |     **B.    Defendant**
27 |     10.    Plaintiff is informed and believes that Defendant Euromarket Designs, Inc. is a
28 | Delaware corporation. Plaintiff is informed and believes that Defendant's principal place of

HARRISON PATTERSON & O'CONNOR, LLP
402 West Broadway
29th Floor
San Diego, CA 92101

– 3 –

CLASS ACTION COMPLAINT

1   business is in California. Defendant operates retail stores under the name Crate & Barrel

2   throughout California, including stores in San Francisco County.

3        C.   Doe Defendants

4        11.   Except as described herein, Plaintiff is ignorant of the true names of Defendants

5   sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

6   sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to

7   amend this complaint to allege their true names and capacities when ascertained.

8        D.   Agency/Aiding And Abetting

9        12.   At all times herein mentioned, Defendants, and each of them, were an agent or

10  joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

11  within the course and scope of such agency. Each Defendant had actual and/or constructive

12  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

13  acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the

14  benefits of said wrongful acts.

15       13.   Defendants, and each of them, aided and abetted, encouraged and rendered

16  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

17  Class, as alleged herein. In taking action, as particularized herein, to aid and abet and

18  substantially assist the commissions of these wrongful acts and other wrongdoings complained

19  of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized

20  that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

21  wrongful goals, and wrongdoing.

22  IV.   CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

23       A.   Plaintiff's Contact with Defendant

24       14.   Within the last 12 months, Plaintiff went to Defendant's retail store located in the

25  state of California.

26       15.   Plaintiff entered Defendant's store and proceeded to select a product from the

27  store that Plaintiff intended to purchase.

28       16.   After selecting the item, Plaintiff proceeded to the cashiers' section of

- 4 --

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1   Defendant's store to pay for the item selected through the use of a credit card.

2        17.    Defendant's employee saw that Plaintiff had selected products that Plaintiff

3   wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then

4   requested personal identification information from Plaintiff in the form of Plaintiff's zip code,

5   without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's

6   employee with Plaintiff's zip code.

7        18.    Plaintiff, believing that he was required to provide her zip code to complete the

8   transaction, told Defendant's employee Plaintiff's zip code.

9        19.    Defendant's employee then typed and recorded Plaintiff's zip code into an

10   electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

11        20.    Defendant's employee then proceeded to inform Plaintiff of the amounts due to

12   Defendant for said product. Plaintiff handed Defendant's employee Plaintiff's credit card, after

13   which said employee proceeded to swipe, enter, and/or record the credit card number into an

14   electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

15   At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code

16   recorded in its databases.

17        21.    Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise

18   delete Plaintiff's personal identification information from the electronic cash register after

19   Plaintiff's credit card number was recorded.

20        22.    Defendant's employee and Plaintiff completed the transaction and Plaintiff left

21   Defendant's store with his purchased items.

22   **V.    PLAINTIFF'S CLASS ACTION ALLEGATIONS**

23        23.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of

24   all persons from whom Defendant requested and recorded personal identification information in

25   conjunction with a credit card transaction in California (the "Class"). Excluded from the Class

26   are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity

27   in which Defendant has a controlling interest, and the legal representatives, successors or assigns

28   of any such excluded persons or entities.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

-5-
CLASS ACTION COMPLAINT

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

26. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether each Class member engaged in a credit card transaction with Defendant;

b. whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08; and

d. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

28. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA, 92101

– 6 –

CLASS ACTION COMPLAINT

EXHIBIT A
17

1  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

2  pursuant to California Civil Code section 1747.08(e).

3      29.    Plaintiff can fairly and adequately represent the interests of the Class, she has no

4  conflicts of interest with other Class members, and has retained counsel competent and

5  experienced in class action and civil litigation.

6  ## CAUSE OF ACTION FOR VIOLATIONS OF
## CALIFORNIA CIVIL CODE § 1747.08
7  ## [SONG-BEVERLY CREDIT CARD ACT OF 1971]

8      30.    Plaintiff refers to and incorporates by reference as though set forth fully
herein paragraphs 1 through 28 of this Complaint.

9      31.    California Civil Code section 1747.08 prohibits any corporation, which accepts

10  credit cards for the transaction of business, from requesting the cardholder to provide personal

11  Identification information which the corporation then records in conjunction with a credit card

12  transaction.

13      32.    Defendant is a corporation that accepts credit cards for the transaction of business.

14  During credit card transactions entered into at Defendant's stores on each and every day during

15  the one-year period preceding the filing of this class action complaint through the present,

16  Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby

17  Defendant's cashiers both request and record zip codes and credit card numbers from customers

18  using credit cards at the point-of-sale in Defendant's retail establishments.

19      33.    It is and was Defendant's routine business practice to intentionally engage in the

20  conduct described in this cause of action with respect to every person who, while using a credit

21  card, purchases any product from any of Defendant's stores in the State of California.

22  Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil

23  penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California

24  Civil Code section 1747.08(e).

25  ///

26  ///

27  ///

28  ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
19th Floor
San Diego, CA, 92101

-7-

EXHIBIT A
18

FEB. 18. 2011  3:09PM   A & A LEGAL SERVICE 6506974640                   NO. 1423   P. 10

1    WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

2                           PRAYER FOR RELIEF

3        1.    That the Court certifies this action as a class action appointing Plaintiff as the

4    Class Representative and Plaintiffs counsel as Class counsel;

5        2.    For an award to Plaintiff and to each member of the Class the civil penalty to

6    which he or she is entitled under California Civil Code section 1747.08(e);

7        3.    For distribution of any moneys recovered on behalf of the Class of similarly

8    situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

9    from retaining the benefits of its wrongful conduct;

10       4.    For an award of attorneys' fees as authorized by statute including, but not

11   limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized

12   under the "common fund" doctrine;

13       5.    For costs of the suit;

14       6.    For prejudgment interest at the legal rate;

15       7.    And for such other relief as the Court may deem proper.

16

Dated: February 18, 2011                    HARRISON PATTERSON & O'CONNOR LLP

17

18

19                              By:   _Matthew J. O'Connor_

20                                    James R. Patterson
                                      Matthew J. O'Connor
21                                    Attorneys For Plaintiff

22

23

24

25

26

27

28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

— 8 —

CLASS ACTION COMPLAINT

EXHIBIT A
19